## JAMES C. TOWNSEND *v.* W. O. BRITT.

**Practice—Bond for Costs—Dismissal of Action—Waiver.**

> The defendant has the right to have an action against him dismissed when a non-resident plaintiff fails to give bond for costs, but by failing to move a dismissal he waives the right.

**Notice by Surety to Sue.**

> Where not waived by the creditor a written notice to sue must be served on him by a surety, if such surety desires him to sue the principal.

### APPEAL FROM GRAVES CIRCUIT COURT.

February 2, 1876.

OPINION BY JUDGE LINDSAY:

Although the defendant had the right at any time before judgment to have the action dismissed, because the non-resident plaintiff did not give bond for costs when he commenced his suit, yet as no such motion was made in the court below, the question cannot be raised in this court for the first time.

It is immaterial whether appellant did or did not notify appellee to sue in the Tennessee courts. It is sufficient for the purposes of this action that he did not make a successful defense in the Tennessee courts. And as we cannot reverse the judgment of the court, we need not inquire as to the effect of appellee's laches before said judgment was rendered.

The proof does not show that the appellee waived written notice as to the desire of appellant that he should proceed with legal diligence to collect his judgment out of the property of the principal debtor. The most that appellant swears on this subject is that appellee "did not require me to give him a written notice, and he did not say he would or would not sue." If he had said he would sue, that might have been construed into a warrant of written notice, but his failure to say what he would do will admit of no such deduction. In the case of *Hamblin v. McCallister*, in 4 Bush 418, when the surety offered to give written notice, the creditor said, "I do not require a written notice; I waive a written notice, a verbal notice is all that is necessary." Then as no such notice was given before judgment, as required appellee either to sue or to proceed with legal diligence after judgment to collect his debt, it is necessary to inquire whether legal notice to proceed to its enforcement was given after the rendition of the judgment.

Appellant swears, "I did instruct Britt by a letter to go on and make his money after judgment." It is not proved that Britt received this letter, but we will assume that he did. Appellant does not state how long after judgment it was that the letter was written.

An execution was sued out about six months after the date of the judgment. It was levied on a tract of land, the only property owned by the principal debtor, subject to levy and sale. There was no unnecessary delay, after the suing out of this execution, until the land was offered for sale. It was not the fault of appellee that it would not sell, and he was not bound to indulge appellant until the levy could be enforced by a sale.

From anything that appears in this record, appellee sued out his execution, as soon as he received appellant's letter, if he ever did receive it. The court below did not err in allowing the Tennessee record to be read on the trial of the cause. The exception shows that it was then on file.

The judgment of the court below is *affirmed*.

*Stubblefield & Smith, for appellant.   W. H. Miller, for appellee.*